UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn on November 10, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:14-cr-51-2 |
| | ) | |
| | ) | 21 U.S.C. §§ 848(a), 848(b), 848(c) |
| | ) | and 848(e)(1)(A) |
| | ) | (Continuing Criminal Enterprise) |
| v. | ) | |
| | ) | 21 U.S.C. §§ 959, 960, 963 |
| | ) | (Conspiracy to Manufacture and |
| | ) | Distribute Five Kilograms or |
| | ) | More of Cocaine, Five Hundred |
| NEMESIO OSEGUERA CERVANTES, | ) | Grams or More of |
| also known as "Mencho" and "Ruben | ) | Methamphetamine, and Four |
| Oseguera Cervantes," | ) | Hundred Grams or More of |
| | ) | Fentanyl for Importation into the |
| Defendant. | ) | United States) |
| | ) | |
| | ) | 18 U.S.C. § 924(c) |
| | ) | (Use of a Firearm) |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | (Aiding and Abetting) |
| | ) | |
| | ) | 21 U.S.C. §§ 853 and 970 |
| | ) | (Criminal Forfeiture) |

**THIRD SUPERSEDING INDICTMENT**

**THE GRAND JURY CHARGES THAT:**

**INTRODUCTION**

At all times relevant to this Third Superseding Indictment, unless otherwise indicated:

1. The New Generation Cartel of Jalisco (otherwise known as the "Cartel de Jalisco Nueva Generacion," and hereinafter "CJNG") is a dominant force in the trade of illegal narcotics in the Mexican States of Jalisco, Colima, Veracruz and elsewhere.

2. The CJNG maintains a close alliance with "Los Cuinis." Los Cuinis work closely

1

with and share in the illegal narcotic trade assets with the CJNG.

3.  The CJNG and Los Cuinis are responsible for transporting multi-ton quantities of cocaine from Colombia and other South American countries to Mexico. The CJNG and Los Cuinis facilitate the transportation of the cocaine to the United States, and other destinations. The CJNG and Los Cuinis are responsible for the manufacture and distribution of multi-kilogram quantities of methamphetamine to the United States and other destinations. The CJNG is responsible for manufacturing and distributing multi-kilogram quantities of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), to the United States and elsewhere. The CJNG and Los Cuinis also facilitated the collection, transportation, and delivery of narcotics proceeds, from the United States to Mexico.

4.  The CJNG and Los Cuinis carry out numerous acts of violence, including murders, assaults, kidnappings, assassinations, and acts of torture. In carrying out these acts of violence, they possess, carry, use and brandish firearms. The CJNG and Los Cuinis commit these acts of violence for a variety of reasons, including but not limited to:

   a.  Promoting and enhancing the prestige, reputation and position of the CJNG and Los Cuinis with respect to rival criminal organizations, including other drug trafficking organizations;

   b.  Preserving, protecting and expanding the power, territory and criminal ventures of the CJNG and Los Cuinis;

   c.  Keeping victims and rivals in fear of the CJNG and Los Cuinis and its members, associates and law enforcement;

   d.  Enforcing discipline amongst its members and associates by punishing disloyalty and failure;

e. Enriching the members and associates of the CJNG and Los Cuinis through criminal activity, including narcotics trafficking; and

f. Imposing retribution to elected and public officials and others for failing to provide services to the CJNG and Los Cuinis.

5. The defendant **NEMESIO OSEGUERA CERVANTES**, also known as "El Mencho" and "Ruben Oseguera-Cervantes," is the principal leader of CJNG.

## COUNT ONE
(Continuing Criminal Enterprise)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Third Superseding Indictment, both dates being approximate and inclusive, the defendant **NEMESIO OSEGUERA CERVANTES**, also known as "El Mencho" and "Ruben Oseguera-Cervantes," together with others, both known and unknown, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant **NEMESIO OSEGUERA CERVANTES** committed violations of Title 21, United States Code, Sections 952(a), 959(a), 959(b), 960 and 963, including Violations One through Eleven set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant **NEMESIO OSEGUERA CERVANTES** in concert with five or more other persons, with respect to whom the defendant **NEMESIO OSEGUERA CERVANTES** occupied a supervisory and management position, and was a principal administrator, organizer and leader of the continuing criminal enterprise, and from which continuing series of violations the defendant **NEMESIO OSEGUERA CERVANTES** obtained substantial income and resources, in excess of

$10 million in gross receipts in a twelve month period for the manufacture, importation and distribution of cocaine, methamphetamine and fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide). The violations involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a mixture or substance containing cocaine; 15 kilograms or more of a mixture or substance containing methamphetamine; and 12 kilograms or more of a mixture or substance containing fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide). The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Eleven set forth below:

Violation One
(Attempted International Cocaine Distribution)

8. In or about 2007, in the countries of Colombia, Guatemala, Mexico, the United States and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(B)(ii).

Violation Two
(International Cocaine Distribution)

9. In or about 2007, in the countries of Colombia, Mexico, the United States and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place

outside thereof, which offense involved five (5) kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(B)(ii).

### Violation Three
(Attempted International Cocaine Distribution)

10. In or about November 2013, in the countries of Mexico, the United States and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five (5) kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(B)(ii).

### Violation Four
(Attempted International Methamphetamine Manufacture and Distribution)

11. In or about January 2014, in the countries of Australia, Mexico, the United States and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly and intentionally attempt to manufacture and distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 500 grams or more of a substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(H).

### Violations Five Through Seven
(Attempted International Fentanyl Manufacture and Distribution)

12. In or about 2018, in the countries of Mexico, the United States and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and

unknown, did knowingly and intentionally attempt to manufacture and distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offenses involved 400 grams or more of mixture and substance containing a detectable amount of fentanyl (N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide), a Schedule II controlled substance, in the amounts listed below, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(F):

| Violation Number | Approximate Year | Approximate Weight |
|---|---|---|
| 5 | 2018 | 12 kilograms |
| 6 | 2018 | 12 kilograms |
| 7 | 2018 | 12 kilograms |

### Violation Eight
(Attempted International Fentanyl Manufacture and Distribution)

13. In or about January 2021, in the countries of China, Mexico, the United States and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly and intentionally attempt to manufacture and distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 400 grams or more of mixture and substance containing a detectable amount of fentanyl (N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(F).

### Violation Nine
(Attempted International Methamphetamine Manufacture and Distribution)

14. In or about June 2021, in the countries of China, Mexico, the United States and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both

known and unknown, did knowingly and intentionally attempt to manufacture and distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 500 grams or more of a substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3) and 960(b)(1)(H).

Violation Ten
(Attempted Distribution of List I Chemical for Manufacture of Methamphetamine)

15.   In or about June 2021, in the countries of China, Mexico, the United States and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a List I chemical, that is methylamine, intending and knowing that such chemical would be used to manufacture a controlled substance, that is methamphetamine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved 500 grams or more of a substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(b), 960(a)(3) and 960(b)(1)(H).

Violation Eleven
(Murder Conspiracy)

16.   In or about January 2000 and continuing thereafter, up to and including the date of the filing of this Third Superseding Indictment, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, while engaged in an offense punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged

in Count Two of this Third Superseding Indictment, did knowingly and intentionally conspire to kill and counsel, command, induce, procure and cause the intentional killing of one or more persons, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846.

(Title 21, United States Code, Sections 848(a), 848(b), 848(c) and 848(e)(1)(A).)

## COUNT TWO
(International Cocaine, Methamphetamine and Fentanyl Distribution Conspiracy)

16. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

17. From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Third Superseding Indictment, both dates being approximate and inclusive, in the countries of Mexico, the United States, and elsewhere, the defendant **NEMESIO OSEGUERA CERVANTES**, together with others, both known and unknown, did knowingly, intentionally and willfully conspire to commit offenses against the United States, to wit: (1) to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; (2) to manufacture and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and (3) to manufacture and distribute 400 grams or more of mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, knowing and intending that said controlled substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii), 960(b)(1)(H) and 960(b)(1)(F); all in violation of Title 21, United States Code,

Section 963.

18.     The controlled substances involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and 400 grams or more of mixture and substance containing a detectable amount of fentanyl (N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide), in violation of Title 21, United States Code, Sections 960(b)(1)(B)(ii), 960(b)(1)(H) and 960(b)(1)(F).

> (Conspiracy to distribute 5 kilograms or more of cocaine and manufacture and distribute 500 grams or more of methamphetamine and 400 grams or more of fentanyl for importation into the United States, in violation of Title 21, United States Code, Sections 959(a), 960 and 963.)

### COUNT THREE
(Use of a Firearm)

19.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

20.     From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Third Superseding Indictment, both dates being approximate and inclusive, the defendant **NEMESIO OSEGUERA CERVANTES** did knowingly and intentionally use, carry and brandish a firearm, during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Count Two of this Third Superseding Indictment, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crime, one or more of which firearms was brandished, one or more of which firearms was a semi-automatic assault weapon, one or more of which firearms was a machine gun, and one or more of which firearms was a destructive device, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i),

9

924(c)(1)(A)(ii), 924(c)(1)(B)(i), 924(c)(1)(B)(ii), and 2.

(Use of a Firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(i) and 924(c)(1)(B)(ii), and Aiding and Abetting, in violation of Title 18, United States Code, Section 2.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

21. The United States hereby gives notice to the defendant **NEMESIO OSEGUERA CERVANTES** that upon conviction of the Title 21 offenses alleged in Counts One and Two of this Third Superseding Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the alleged Title 21 violations, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

22. The United States hereby gives notice to the Defendant that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as the result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant –

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

  (Criminal Forfeiture, in violation of Title 21, Untied States Code, Sections 853 and 970.)

                  A TRUE BILL.

                  _____
                  Foreperson

_____
ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C.  20530

By:

_____
KAITLIN J. SAHNI
KATE M. NASEEF
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice